Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| Matthew Wheelwright,<br><br>             Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC; Experian Information Solutions, Inc.; and America First Credit Union,<br><br>             Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681,** *ET SEQ.*<br><br>**CASE NO.:** 1:20-cv-00068-CMR<br><br>**JUDGE: Cecilia M. Romero**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Matthew Wheelwright ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and America First Credit Union ("America First") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Weber, State of Utah.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Weber, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person residing in the County of Weber, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax is a limited liability company doing business in the State of Utah.

13. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties

and use interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

14. Defendant Experian is a limited liability company doing business in the State of Utah.

15. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

16. Defendant America First is an entity doing business in the State of Utah.

17. The creditor named herein, America First, is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

18. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

19. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Defendants were the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which Defendants are liable to Plaintiff or the relief prayed for herein.

## GENERAL ALLEGATIONS

20. At all times relevant, Plaintiff was an individual residing within the State of Utah.

21. At all times relevant, Defendants conducted business in the State of Utah.

22. On or about January 2013, Plaintiff incurred a debt with America First, with an account number beginning in 1380, related to financial obligations on a line of credit (the "Account").

23. On or about April 17, 2019, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah pursuant to 11 U.S.C. § 1301 *et seq*. Plaintiff's case was assigned Case Number 19-22631 (the "Bankruptcy").

24. Plaintiff's obligations to America First were scheduled in the Bankruptcy and Defendants received notice of the Bankruptcy.

25. Plaintiff received a discharge on August 7, 2019.

26. Accordingly, any alleged debt that was not reaffirmed to America First was discharged through the Bankruptcy on August 7, 2019.

27. America First did not file any proceedings to declare the Account "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

28. America First also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for the Account.

29. America First was listed in the schedule of creditors sent the discharge order when the Bankruptcy was discharged.

30. Accordingly, the Account was discharged through the Bankruptcy.

31. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

32. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

33. It is illegal and inaccurate for Defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

34. However, Defendants either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

### *Equifax and America First's Inaccurate Reporting of the Account on the Equifax Credit Report*

35. In Plaintiff's Equifax credit report dated October 1, 2019 (the "Equifax Credit Report"), Equifax and America First failed to report accurate information on the Account.

36. America First reported the status of the Account as "charged off", with a charge off amount of $258.

37. America First further reported a scheduled payment amount of $25 on the Account.

38. Due to Plaintiff's bankruptcy filing on April 17, 2019 and discharge on August 7, 2019, Equifax and America First were required to report the Account was included in bankruptcy with a $0 charge off amount, a $0 balance and $0 scheduled payment amount.

39. America First did not report that the Account was included in the Bankruptcy.

40. It was therefore inaccurate for America First to report that the Account was "charged off" with a charge off amount of $258 and a scheduled payment amount of $25 on Plaintiff's Equifax Credit Report.

### *Experian and America First's Inaccurate Reporting of the Account on the Experian Credit Report*

41.   In Plaintiff's Experian credit report dated October 1, 2019 (the "Experian Credit Report"), Experian and America First failed to report accurate information on the Account.

42.   America First reported the status of the Account as paid and closed, with "$258 written off."

43.   Due to Plaintiff's bankruptcy filing on April 17, 2019 and discharge on August 7, 2019, Experian and America First were required to report the Account was included in bankruptcy with a $0 write off amount.

44.   America First did not report that the America First Account was included in the Bankruptcy.

45.   It was therefore inaccurate for America First to report that the Account had written off amount of $258.

### *Plaintiff's Dispute*

46.   On or about October 30, 2019, Plaintiff disputed Equifax's reporting regarding the Account pursuant to 15 U.S.C. § 1681i by notifying Equifax, in writing, of the incorrect and inaccurate credit information.

47.   On or about October 30, 2019, Plaintiff disputed Experian's reporting regarding the Account pursuant to 15 U.S.C. § 1681i by notifying Experian, in writing, of the incorrect and inaccurate credit information.

48.   Specifically, Plaintiff sent a letter certified return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected as to the Account.

49.   Specifically, Plaintiff sent a letter certified return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected as to the Account.

50. Equifax was required to conduct an investigation into the Account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

51. Experian was required to conduct an investigation into the Account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

52. Equifax was required to send notice of Plaintiff's dispute to America First pursuant to 15 U.S.C. § 1681i(a)(2).

53. Experian was required to send notice of Plaintiff's dispute to America First pursuant to 15 U.S.C. § 1681i(a)(2).

54. Upon information and belief, Equifax timely notified America First of Plaintiff's dispute.

55. Upon information and belief, Experian timely notified America First of Plaintiff's dispute.

56. Upon information and belief, America First received notice of Plaintiff's dispute as to the reporting of the Account on the Equifax Credit Report and Experian Credit Report.

57. A reasonable investigation by Equifax would have indicated that it was reporting the Account inaccurately on the Equifax Credit Report.

58. A reasonable investigation by Experian would have indicated that it was reporting the Account inaccurately on the Experian Credit Report.

59. A reasonable investigation by America First would have indicated that it was reporting the Account inaccurately on Plaintiff's Equifax Credit Report and Experian Credit Report.

60. America First failed to conduct a reasonable investigation despite receiving notice of Plaintiff's bankruptcy from the Bankruptcy Court and receiving notice of the inaccurate information on Plaintiff's Experian Credit Report and Equifax Credit Report from Plaintiff's dispute letters to Equifax and Experian.

61. Instead, Equifax republished the Account inaccurately by leaving a status of "Charge Off."

62. The status on Plaintiff's Equifax credit report is inaccurate because the account was included in bankruptcy and the status should indicate "included in bankruptcy".

63. Additionally, Experian republished the Account inaccurately by leavin the status as "Paid. Closed. $258 written off".

64. Instead, America First republished the Account inaccurately to Equifax and Experian.

*The Continued Inaccurate Reporting of the Account on the Equifax Report*

65. On Equifax dispute results sent to Plaintiff pursuant to 15 U.SC. § 1681i(a)(6), dated December 11, 2019 ("Equifax Dispute Results"), Equifax and America First failed to accurately report the Account as discharged through Bankruptcy.

66. Surprisingly, rather than updating the Account to show it was included in bankruptcy, Equifax and America First verified the information and simply left derogatory inaccurate information on the Equifax Dispute Results.

67. Instead, on the Equifax Dispute Results, Equifax and America First inaccurately reported that the Account was "charged off".

68. Equifax and America First also inaccurately reported the additional information "Paid charge off," and "Account Closed by Credit Grantor."

69. Equifax and America First should indicate the status of the Account as discharged through Bankruptcy.

70. According to Equifax's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "Used as in current status- how an account is currently being paid, either paid on time or paid late."

71. The Statuses reporting a charge off on the Account by Equifax and America First are blatantly incorrect because the debt was discharged in bankruptcy August 7, 2019.

72. By reporting the current status of the Account as they are reporting and failing to identify the current status as "included in bankruptcy," Equifax and America First are reporting inaccurate post-bankruptcy discharge information.

73. America First's failures were egregious in that America First received notice of Plaintiff's Bankruptcy discharge and notice of the inaccurate reporting on the Equifax Credit Report, yet America First affirmed the inaccurate reporting of the Account to Equifax and caused the Account to continue to report inaccurately.

74. Equifax's failures were particularly noteworthy in that Equifax received notice of the inaccurate reporting on the Equifax Credit Report and had access to Plaintiff's publicly accessible Bankruptcy documents, yet Equifax continued to report the Account inaccurately.

### *The Continued Inaccurate Reporting of the Account on the Experian Report*

75. On Experian dispute results sent to Plaintiff pursuant to 15 U.SC. § 1681i(a)(6), dated December 14, 2019 ("Experian Dispute Results"), Experian and America First failed to accurately report the Account as discharged through Bankruptcy.

76. Surprisingly, rather than updating the Account to show it was included in bankruptcy, Experian and America First verified the information and simply left derogatory inaccurate information on the Experian Dispute Results.

77. Instead, on the Experian Dispute Results, Experian and America First inaccurately reported the status of the Account as paid and closed, with "$258 written off."

78. Experian and America First also inaccurately reported the comment "Account Closed at credit grantor's request."

79. Experian and America First should indicate the status of the Account as discharged through Bankruptcy and subsequently closed.

80. According to Experian's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "On the credit report, this indicates the current status or state of the account."

81. The Statuses reporting a charge off on the Account by Experian and America First are blatantly incorrect because the debt was discharged in bankruptcy August 7, 2019.

82. By reporting the current status of the Account as they are reporting and failing to identify the current status as "included in bankruptcy," Experian and America First are reporting inaccurate post-bankruptcy discharge information.

83. America First's failures were egregious in that America First received notice of Plaintiff's Bankruptcy discharge and notice of the inaccurate reporting on the Experian Credit Report, yet America First affirmed the inaccurate reporting of the Account to Experian and caused the Account to continue to report inaccurately.

84. Experian's failures were particularly noteworthy in that Experian received notice of the inaccurate reporting on the Experian Credit Report and had access to Plaintiff's publicly accessible Bankruptcy documents, yet Experian continued to report the Account inaccurately.

### *Defendants' Failures and Plaintiff's Damages*

85. It is inaccurate to report an account has been charged off with a charge off amount when the account was instead discharged in bankruptcy and subsequently closed.

86. Reporting that an account was charged off instead of reporting that the account was included in bankruptcy is detrimental to a consumer's credit reputation.

87. It is inaccurate to report a charge off amount is past due when no amount is due or owing.

88. Plaintiff is informed and believes that his credit score is taking a "double-hit", once for his bankruptcy, and again for the negative statuses.

89. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to America First responding and verifying the incorrect information to the credit reporting agencies, America First failed to check Plaintiff's bankruptcy filings to ensure the Account was included in bankruptcy to aid Defendants in reporting the correct status of the Account.

90. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Equifax and Experian responding and verifying the incorrect information to Plaintiff, Equifax and Experian failed conduct a reasonable investigation into Plaintiff's disputes by failing to check Plaintiff's bankruptcy filings to ensure the Account was included in the bankruptcy to aid in reporting the correct information on the Account.

91. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to America First responding and verifying the incorrect information to the credit reporting agencies, America First failed to communicate with Equifax and Experian to aid in reporting the correct information on the Account.

92. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Equifax and Experian responding and verifying the incorrect information to Plaintiff, Equifax and Experian failed to communicate with America First to aid in reporting the correct status on the Account.

93. Defendants further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status on the Account.

94. Therefore, upon receipt of Plaintiff's dispute, Defendants failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

95. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Equifax and Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

96. Due to Defendants' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

97. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting of the Account by communicating Plaintiff's dispute with Defendants were futile.

98. Defendants' continued inaccurate and negative reporting of the Account in light of its knowledge of the actual error was willful.

99. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

100. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

101. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

102. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

103. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

104. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

105. Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

106. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 2, 2020                                                      Respectfully submitted,

By: */s/ Ryan McBride*
Ryan McBride, Esq.
*Attorney for Plaintiff*